**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL121240

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

| | |
|---|---|
| Aryeh Einhorn, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>      v.<br><br>Credit Control Services, Inc. d/b/a Credit Collection Services,<br><br>       Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

  Plaintiff Aryeh Einhorn, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Credit Control Services, Inc. d/b/a Credit Collection Services, as follows:

**INTRODUCTION**

  1. This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

  2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3. This court has jurisdiction over defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS") because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

**PARTIES**

5. Plaintiff Aryeh Einhorn ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. CCS is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Norfolk County, Massachusetts.

8. CCS has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

9. CCS regularly collects or attempts to collect debts asserted to be owed to others.

10. CCS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of CCS's businesses is the collection of such debts.

12. CCS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. CCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of CCS as described in this Complaint were performed by CCS or on CCS's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "CCS" in this Complaint shall mean CCS or its owners, officers, agents, and/or employees.

**FACTUAL ALLEGATIONS**

15. On or about July 1, 2019, Plaintiff's infant child received lab studies from Quest Diagnostic totaling $729.21.

16. Such studies were covered by Plaintiff's New York's Medicare insurance.

17. Medicare paid Quest Diagnostic $687.71 for the services, leaving an unpaid balance of $41.50 (the "alleged Debt").

18. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. At an exact time known only to CCS, the alleged Debt was assigned or otherwise transferred to CCS for collection.

20. At the time the alleged Debt was assigned or otherwise transferred to CCS for collection, the alleged Debt was allegedly in default.

21. In its efforts to collect the alleged Debt, CCS caused correspondence, including a collection letter dated June 21, 2020, to be sent to Plaintiff. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

22. The Letter conveyed information regarding the alleged Debt.

23. The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

24. Other than for co-pays, Medicaid recipients may not be balance-billed.

25. The alleged Debt is not a co-pay, but rather represents unlawful balance billing.

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

26. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

27. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

29. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

30. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from CCS.

31. An attempt by a debt collector to collect balance-billing under Medicaid or Medicare is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

32. An allegation by a debt collector that a consumer owes balance-billing under Medicaid or Medicare, is a violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

33. CCS's allegation that Plaintiff owes balance-billing under Medicaid is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

34. CCS's allegation that Plaintiff owes balance-billing under Medicaid is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

35. By sending a collection letter to Plaintiff to collect on the alleged Debt, CCS misrepresented the status of the debt as collectible, when it was not, in violation of 15 U.S.C. § 1692e(2)(A).

36. CCS's allegation that Plaintiff owes balance-billing under Medicaid is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

37. Plaintiff's injury is directly traceable to CCS's conduct because CCS sent the Letter, and but for CCS's conduct, Plaintiff would not have been deprived of the aforementioned

4

rights.

38. Plaintiff has been misled by CCS's conduct.

39. CCS's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from CCS's conduct.

40. Plaintiff justifiably fears that, absent this Court's intervention, CCS will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

41. Plaintiff justifiably fears that, absent this Court's intervention, CCS will ultimately cause Plaintiff unwarranted economic harm.

42. As a result of CCS's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

43. As a result of CCS's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

44. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

45. A favorable decision herein would redress Plaintiff's injury with money damages.

46. A favorable decision herein would serve to deter CCS from further similar conduct.

47. For the foregoing reasons, CCS violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

48. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

49. Plaintiff seeks to certify a class of:

> All consumers to whom CCS sent a collection letter to collect balance billing on a Medicaid or Medicare debt, which letter was sent on or after a date one year prior to the filing of this action to the present.

50. This action seeks a finding that CCS's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

51. The Class consists of more than thirty-five persons.

52. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

53. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. CCS has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

54. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because CCS's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection

laws.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding CCS's actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: January 28, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL121240
*Attorneys for Plaintiff*